IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM LEN EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-2721-B (BT) |
| | § | |
| GATEWAY CHURCH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff William Len Evans filed a civil complaint against three churches and Liberty University alleging that Defendants violated various civil and criminal statutes by instituting and administering a "technological mental tap" from the Veterans Administration North Texas Healthcare System to "induce terroristic activity," commit treason, and "interfere[e] and/or interrupt[] established government systems [and] processes, to include local and national elections." Compl. at 4. (ECF No. 3).

For the following reasons, the District Judge should dismiss Evans's complaint with prejudice as frivolous.

## Legal Standards

Evans has been granted leave to proceed *in forma pauperis*. As a result, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes

the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint is factually frivolous when the factual contentions are "clearly baseless." *Id.* This includes claims that describe "fantastic" or "delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

## Analysis

A review of Evans's filing reflects that the complaint presents claims and allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal with prejudice. Indeed, Evans has presented similar allegations concerning an alleged "mental tap" at least twice before in this District.

One case was dismissed as frivolous, and there is a pending recommendation to dismiss the other for the same reason. *See* *Evans v. State*, 2026 WL 805420, at *2 (N.D. Tex. Feb. 18, 2026) (Horan, J.) (recommending dismissal of Evans's complaint about an alleged "Guantanamo mental tap" that suggests thoughts, prompts action, and markets products through an algorithm), *rec. accepted* 2026 WL 803468 (N.D. Tex. Mar. 23, 2026) (Starr, J.); *Evans v. Johnson*, No. 3:26-cv-2537-D-BT, ECF No. 9 (N.D. Tex. August 4, 2026) (recommending that Evans's claims related to a "technological mental tap" that induces terrorism and interferes with elections be dismissed as frivolous without leave to amend) (Rutherford, J.). Evans's allegations here are similarly factually frivolous and warrant dismissal.

Evans's allegations are also legally frivolous. He mostly cites federal criminal statutes in support of his claims. But criminal statutes do not create a private right of action absent some statutory basis for inferring one. *See*, *e.g.*, *Harris v. United States*, 2023 WL 6150269, at *3 (N.D. Tex. July 31, 2023) (Toliver, J.) (citations omitted), *rec. accepted* 2023 WL 6149233 (N.D. Tex. Sept. 20, 2023) (Scholer, J.). And Evans has alleged no basis to infer a private right of action in any referenced criminal statute.

Evans also cites some civil statutes and regulations, but he includes no supporting facts to suggest a cognizable claim against a named defendant based on them. *See*, *e.g.*, Compl. at 4. For example, he references the Federal Communications Act (FCA), which prohibits the unauthorized exhibit of

intercepted transmissions. 47 U.S.C. §§ 553, 605. Evans has not, however, identified any intercepted transmission or otherwise alleged a violation of the FCA.

Evans also references 42 U.S.C. § 1983. To recover under § 1983, Evans must prove "(1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of this right acted 'under color of any [state] statute.'" *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988) (citing cases). Evans fails to make that showing. He has alleged no violation of the Constitution or federal law, and he has sued no state actor.

In sum, Evans's complaint is factually and legally frivolous, and the District Judge should dismiss this case with prejudice.

**Leave to Amend**

Ordinarily, a pro se plaintiff should be granted leave to amend his complaint before dismissal, but dismissal is unwarranted when he has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Evans has failed to state or suggest a cognizable claim or any facts from which a cognizable claim could be inferred. Based on the most deferential review of the complaint, Evans could probably not allege cogent and viable legal claims if given the chance to amend. Thus, granting leave to amend under these circumstances would be futile and cause needless delay.[1]

[1] This conclusion is consistent with the disposition of Evans's prior action involving a purported "Guantanamo Mental Tap," which was dismissed as frivolous without leave to amend. *See, e.g.*, *Evans v. State*, 2026 WL 805420, at *2 (N.D. Tex. Feb. 18, 2026) (Horan, J.) *rec. accepted* 2026 WL 803468 (N.D. Tex. Mar. 23, 2026)

## Recommendation

The District Judge should dismiss William Len Evans's complaint as frivolous.

SO RECOMMENDED.

August 24, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

(Starr, J.); *see also Evans v. Johnson*, No. 3:26-cv-2537-D-BT, ECF No. 9 (N.D. Tex. August 4, 2026) (recommending that Evans's claims related to a "technological mental tap" be dismissed as frivolous without leave to amend) (Rutherford, J.) (rec. pending).